BERNHARD J. LUDWIG and Others, Respondents, *v.* SARAH LAZA-RUS and Others, Appellants.

*Proceedings to dispossess tenants — equity will not stay them pending an appeal — service upon one member of a firm of undertenants is sufficient.*

Where summary proceedings, instituted to dispossess tenants, have resulted in a judgment, the tenants cannot subsequently bring an action in equity to procure a stay pending the appeal. The law has provided the only remedy in such cases, and a court of equity cannot be appealed to to secure a stay of proceedings prohibited by statute.

Where such proceedings are begun by service of the precept upon only one member of a firm of undertenants, it appearing that the other undertenant was a person of unsound mind and was absent from the city, the court considered that under the circumstances the service upon one member of the firm was sufficient to give the magistrate jurisdiction to entertain the proceeding and to issue a final warrant therein.

APPEAL by the defendants, Sarah Lazarus and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of September, 1896, enjoining the defendants *pendente lite* from interfering with the plaintiffs' possession of the premises No. 36 West Fourteenth street in the city of New York.

*Nelson S. Spencer,* for the appellants.

*William Strauss,* for the respondents.

VAN BRUNT, P. J.:

This action seems to have been instituted for the purpose of procuring a stay pending the appeal from a judgment entered in dispossess proceedings against the plaintiffs. There is no ground for the maintenance of such an action. The law has provided for the procedure in cases of this description, and courts of equity cannot be appealed to to secure stays of proceedings which the statute prohibits.

It is sought to maintain this suit, however, upon the ground that the District Court which entertained the dispossess proceedings had no jurisdiction, because it did not appear from the record that the plaintiff Isidor Ludwig was served with the precept in the manner prescribed by the Code. It appears from the papers that Bernhard J. Ludwig, the plaintiff, was the lessee of the premises in question and that they were occupied by Ludwig Bros. as undertenants, said firm being composed of Bernhard J. and Isidor Ludwig. It further appears from the papers, as presented upon the part of the defendants, that Isidor Ludwig is a person of unsound mind and absent from the city. There is no dispute but that Bernhard J. was duly served with the precept; and we are not aware of any rule in proceedings of this nature where the premises are in the possession of a firm, which requires that each member of the firm shall be served with the precept in order to authorize the District Court to entertain the proceeding and to issue its warrant for the dispossession of the firm. Bernhard J. Ludwig, a member of the firm, being duly served, the magistrate had jurisdiction to entertain the proceeding and to issue the final warrant. The lessee and the undertenants were served. Hence the proceeding was regular.

We are, therefore, of the opinion that the injunction should not have been granted; and that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for an injunction *pendente lite* denied, with ten dollars costs.

BARRETT, RUMSEY, O'BRIEN and INGRAHAM, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.